UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TYSON RODGERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:23-cv-01494-SRC |
| FCNB BANK, | ) ) |
| Defendant. | ) ) ) |

**Memorandum and Order**

Defendant FCNB Bank removed this two-count case to federal court, but now, both parties want to return to state court. Specifically, the parties ask the Court to dismiss the federal claim and remand the state claim. Before proceeding, the Court must determine whether it has subject-matter jurisdiction. If it does not, the Court must remand.

**I.     Background**

Plaintiff Tyson Rodgers filed this two-count employment dispute in state court, alleging (1) violations of sections 7 and 8 of the National Labor Relations Act, 29 U.S.C. §§ 157–58, and (2) a state law violation. Doc. 1-1. Shortly after, FCNB removed the case to this Court based on federal-question jurisdiction for count 1—the NLRA claim—and supplemental jurisdiction for count 2—the state claim. Doc. 1 at 2.[1] Then FCNB filed its answer and, as a defense, stated that this Court "lacks jurisdiction to decide the allegations and claims advanced in [c]ount 1" because exclusive jurisdiction lies with the National Labor Relations Board. Doc. 19 at 11.

---

[1] The Court cites to page numbers as assigned by CM/ECF.

Because of the alleged lack of jurisdiction, the Court ordered the parties to brief whether the Court has subject-matter jurisdiction. Doc. 20. Rather than briefing the issue, Rodgers moves to voluntarily dismiss the federal claim under Federal Rule of Civil Procedure 41(a)(2), doc. 21, and remand the state claim, doc. 22. FCNB generally agrees with Rodgers's motions, but it adds that the Court lacks subject-matter jurisdiction and "must" dismiss the federal claim. Doc. 23 at 2. Further, FCNB asks the Court to award it costs and attorneys' fees. *Id*. at 3–4.

## II.     Standard

"The threshold inquiry in every federal case is whether the court has jurisdiction." *Rock Island Millwork Co. v. Hedges-Gough Lumber Co.*, 337 F.2d 24, 26–27 (8th Cir. 1964) (citations omitted). "If jurisdiction is lacking the trial court should, on its own motion, decline to proceed in the case." *Id*. at 27 (citing *United States v. Corrick*, 298 U.S. 435, 440 (1936)). For removed cases, the district court must remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010) (citing *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007)).

## III.    Discussion

The parties both ask the Court to dismiss Rodgers's federal claim and remand his state claim. *See* docs. 21–23. But before it can do so, the Court must resolve the issue it originally posed to the parties: whether the Court has subject-matter jurisdiction over Rodgers's claims. Doc. 20; *see Rock Island*, 337 F.2d at 26–27.

The "party seeking removal has the burden to establish federal subject matter jurisdiction." *Baker v. Martin Marietta Materials, Inc.*, 745 F.3d 919, 923 (8th Cir. 2014)

2

(quoting *Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009)).  Here, FCNB, the removing party, takes a contradictory stance on subject-matter jurisdiction.  On one hand, it states that it removed based on federal-question jurisdiction because Rodgers's claim "arises under federal statute—the NLRA." Doc. 23 at 1 (first citing 29 U.S.C. § 158 and then citing 28 U.S.C. § 1131).  On the other hand, FCNB claims "it is well established that neither state nor federal courts have jurisdiction over alleged violations of [s]ections 7 or 8 of the NLRA." *Id.* at 2 (citing *Vaca v. Sipes*, 386 U.S. 171, 179 (1967)).  Further, it argues that Rodgers's claim "was frivolous from inception inasmuch as [Rodgers] knew, or should have known, that [he] had no cognizable claim as neither state nor federal courts have jurisdiction over NLRA claims." *Id.* at 3.

FCNB fails to realize that not every claim related to a federal statute gives rise to federal-question jurisdiction.  *See, e.g., Biscanin v. Merrill Lynch & Co.*, 407 F.3d 905, 907 (8th Cir. 2005) ("A court does not obtain subject-matter jurisdiction just because a plaintiff raises a federal question in his or her complaint." (citing *Hagans v. Lavine*, 415 U.S. 528, 537–38 (1974))); *see also* 13D Charles Alan Wright, Arthur R. Miller & Richard D. Freer, *Federal Practice and Procedure* §§ 3562, 3564 (3d ed. 2023).  Specifically, Congress determines—and may limit—a federal court's federal-question jurisdiction.  *See, e.g.*, *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 379 (2012) (noting Congress's power to "divest[] federal courts of their § 1331 adjudicatory authority"); *see also United States v. Denedo*, 556 U.S. 904, 912 (2009) ("[I]t is for Congress to determine the subject-matter jurisdiction of federal courts." (citing *Bowles v. Russell*, 551 U.S. 205, 212 (2007))).

Additionally, federal subject-matter jurisdiction requires "that a substantial federal question . . . be presented." *Hagans*, 415 U.S. at 537 (quoting *Ex parte Poresky*, 290 U.S. 30,

3

31–32 (1933)).  Thus, if "the asserted basis of federal jurisdiction is patently meritless," the federal court lacks subject-matter jurisdiction.  *Biscanin*, 407 F.3d at 908.

With this, FCNB cannot assert that a federal court lacks jurisdiction over the NLRA claim and label the claim "frivolous" while maintaining that the claim gives rise to federal-question jurisdiction.  *See* doc. 23 at 3.  The first two statements undermine the third.  With these statements, FCNB essentially concedes that the NLRA claim fails to provide this Court with federal-question jurisdiction.  *See Biscanin*, 407 F.3d at 908.  As such, FCNB fails to bear its burden of establishing federal subject-matter jurisdiction.  *See Baker*, 745 F.3d at 923 (quoting *Cent. Iowa Power*, 561 F.3d at 912).  And thus, the Court must remand this case.  *See* 28 U.S.C. § 1447(c).  Additionally, because FCNB's position alleviates none of this Court's doubts regarding subject-matter jurisdiction, *see* doc. 20, the Court resolves the issue in favor of remand.  *See Prempro*, 591 F.3d at 620 (citing *Wilkinson*, 478 F.3d at 963).

Failing to produce a subject-matter-jurisdiction ticket, the parties must disembark the federal train.  Because this Court lacks subject-matter jurisdiction, the Court does not proceed to the parties' other motions, docs. 21, 25, and request, *see* doc. 23.  *See Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001) ("It is axiomatic that a court may not proceed at all in a case unless it has jurisdiction." (citing *Ex Parte McCardle,* 74 U.S. 506 (1868))); *see also Jahnke v. R.J. Ryan Const., Inc.*, No. 13-962 JRT/SER, 2014 WL 4639831, at *4 (D. Minn. Sept. 16, 2014) ("Most courts . . . have concluded that 'when there is reason for a court to believe that it does not have subject matter jurisdiction, . . . the district court must address this . . . before it may rule on a subsequent motion for voluntary dismissal pursuant to [Rule 41].'" (quoting *Shortt v. Richlands Mall Assocs., Inc.,* 922 F.2d 836, at *4 (4th Cir. 1990) (unpublished opinion)) (alteration in original)).  Along with the case, the Court remands Rodgers's [21] motion to

dismiss and [25] motion for leave and FCNB's [23] request for costs and attorneys' fees. Further, the Court denies Rodgers's [22] motion to remand as moot.

## IV.     Conclusion

Pursuant to 28 U.S.C. § 1447(c), the Court remands this case, in its entirety, to the St. Louis County Circuit Court, 21st Judicial Circuit of Missouri, and directs the Clerk of the Court to mail a certified copy of this order of remand to the clerk of the state court.  Further, the Court denies Rodgers's [22] motion to remand as moot.  A separate order of remand accompanies this memorandum and order.

So ordered this 15th day of March 2024.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE